### ROSS *et al.* v. WIMBERLY.

1. The evidence raising an issue of fact as to the right to recover an interest in land, it was error to direct the verdict.
2. Other exceptions present no cause for new trial.

No. 3929. MARCH 13, 1924.

Equitable petition. Before Judge Malcolm D. Jones. Bibb superior court. July 24, 1923.

*J. P. Burnett* and *H. F. Strohecker,* for plaintiffs.

*Walter DeFore* and *James C. Estes,* for defendant.

GILBERT, J.   Sarah Ann Ross and Dixie V. Johnson, for herself and as next friend of William and James Sabra, brought suit against Laura Rivers Wimberly for equitable relief and for the recovery of an interest in land.   Dixie V. Johnson, individually and as next friend, claimed an interest in the land under James Sabra, the former husband of Dixie Johnson and father of William and James Sabra.   Sarah Ann Ross, James Sabra, and Laura Rivers Wimberly were sisters and brother, claiming as heirs at law of Eleanor J. Sabra.   The right of Dixie V. Johnson and William and James Sabra to recover depended primarily upon proof of the death of their father, James Sabra, under whom they claimed.   If James Sabra was still alive, these petitioners could not recover. The petition alleged that James Sabra was dead.   The answer admitted this allegation, and an amendment to the answer, striking the admission, was filed.   The admission in the answer was then introduced in evidence.   The court directed the jury to find against the claim of Dixie V. Johnson and William and James Sabra; and this direction is made a ground of the motion for a new trial.   The verdict returned by the jury was as follows:  "We, the jury, find in favor of the defendant and against the wife and children of James Sabra."   All of the petitioners joined in a motion for new trial.   Error is assigned upon the overruling of the motion.

1.   The facts stated above, in connection with the other evidence in the case, made an issue of fact for determination by the jury as to the right of Dixie V. Johnson, individually and as next friend of William and James Sabra, to recover; and the court erred in directing the verdict against these petitioners.

2.   The remaining grounds of the motion do not show cause for a new trial.   *Judgment reversed.   All the Justices concur.*